UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE GERO,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br><br>   Defendant. | Case No. 16-cv-04449-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 57 |

Plaintiff Bruce W. Gero, representing himself, brings this medical malpractice action against the United States, alleging that the Department of Veterans Affairs ("VA") failed to properly diagnose and treat his left knee condition.[1] Now pending before the Court is Defendant's motion for summary judgment. (Dkt. No. 57.)[2] After careful consideration of the parties' briefing, and having had the benefit of oral argument on February 7, 2019, the Court GRANTS Defendant's motion. Defendant has satisfied its burden on summary judgment of demonstrating the absence of evidence on an essential element of Plaintiff's claim, and Plaintiff fails to raise a genuine dispute of material fact on that score.

## BACKGROUND

### I.  Factual Background

The Court's February 2017 order granting Defendant's motion to dismiss in part with leave to amend sets out the factual background of this case in detail. (*See* Dkt. No. 26 at 2-6.) The Court incorporates that background here. The gravamen of Plaintiff's complaint is that the San Francisco VA Medical Center ("SFVAMC") was negligent in diagnosing and treating Plaintiff's

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4 & 14.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    chronic left knee condition between 2007 and 2015.

**II. Procedural History**

Plaintiff filed his initial complaint on August 8, 2016, bringing a cause of action alleging that the VA "failed to properly diagnose and treat a knee injury that left [Plaintiff] in a physically compromised position from April of 2007 up until [his] knee was surgically repaired on September 11, 2015." (Dkt. No. 1 at 3.) Defendant moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 15.) The Court granted Defendant's motion to dismiss in part, with leave to amend. (Dkt. No. 26.) In doing so, the Court noted that even though not expressly alleged in the complaint, Plaintiff was bringing suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401(b), 2679 (1976), "because he is alleging medical malpractice against the United States Government." (*Id.* at 5.)

Plaintiff filed an amended complaint on November 22, 2017, bringing a claim for negligence under the FTCA. (Dkt. No. 42.) On July 13, 2018, the Court granted the parties' stipulation regarding expert disclosure on liability, setting deadlines of July 30, 2018 for initial experts and September 4, 2018 for rebuttal experts. (Dkt. No. 51 at ¶ 4.) Defendant filed the instant motion on November 21, 2018. (Dkt. No. 57.) The motion is fully briefed, (*see* Dkt. Nos. 62 & 64), and the Court heard oral argument on February 7, 2019.

**DISCUSSION**

On summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the movant does not bear the burden of proof at trial for the underlying claims, it satisfies its burden if it can show that there is an absence of evidence to support "an element essential to [the nonmovant's] case, and on which [the nonmovant] will bear the burden of proof at trial," and the nonmovant fails to produce evidence giving rise to a genuine dispute of material fact on that score. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, Defendant has satisfied its initial burden, and Plaintiff fails to carry his burden on rebuttal.

//

## I. FTCA Generally

The FTCA is the exclusive remedy for filing a tort action against a federal agency or officer. *See* 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). The substantive law governing a plaintiff's FTCA claim is the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff alleges that the actions at issue took place in California, so California law governs his medical malpractice claims. *See Littlejohn v. United States*, 321 F.3d 915, 924 (9th Cir. 2003).

## II. Medical Malpractice Claim

To establish a claim for medical malpractice, a plaintiff must demonstrate: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (Cal. Ct. App. 1993) (internal quotation marks and citation omitted).

Defendant moves for summary judgment on the grounds that "Plaintiff's failure to present an expert medical opinion is a complete failure of proof regarding the applicable standard of care, its breach, and causation of injury." (Dkt. No. 64 at 11.) Defendant argues that without an expert opinion, Plaintiff "cannot establish negligence under California law." (*Id.*) The Court agrees.

### A. Lack of Expert Testimony

"The standard of care against which the acts of a [medical professional] are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony." *Hanson v. Grode*, 76 Cal. App. 4th 601, 606-07 (Cal. Ct. App. 1999) (internal quotation marks and citations omitted). Accordingly, "[w]henever the plaintiff claims negligence in the medical context, the plaintiff *must* present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff." *Powell v. Kleinman*, 151 Cal. App. 4th 112, 123 (Cal. Ct. App. 2007) (emphasis added); *see also Scott v. Rayhrer*, 185 Cal. App. 4 th 1535, 1542 (Cal. Ct. App. 2010) ("As a general rule, the testimony of an expert witness is required in every

3

professional negligence case to establish the applicable standard of care, whether that standard was met or breached by the defendant, and whether any negligence by the defendant caused the plaintiff's damages.").

The Court held a case management conference on February 8, 2018, in which it instructed Plaintiff that under California law, he must submit expert testimony to prevail on his claim. Plaintiff indicated that he understood. As previously discussed, the Court granted the parties' stipulation regarding expert witness disclosures on July 13, 2018. (*See* Dkt. No. 51.) On July 30, 2018, Defendant served its expert witness disclosure on Plaintiff, identifying "Dr. Thomas Schmalzried, a Board Certified orthopedic surgeon specializing in diseases and disorders of the adult hip and knee, including primary and revision total knee arthroplasty." (Dkt. No. 58 at ¶ 6.) Further, "Defendant attached a written report prepared and signed by Dr. Schmalzried to the expert witness disclosure." (*Id.*) According to Defendant's counsel:

> Plaintiff did not serve an expert disclosure or expert report on July 30, 2018 or thereafter. To date I have received no designation of expert witnesses, disclosure of expert testimony, or expert reports from Plaintiff to support allegation that the treatment he received at the VA fell below the standard of care [or] that a breach of the standard of care caused injury to Plaintiff.

(*Id.* at ¶ 7.) Thus, Plaintiff did not provide expert medical testimony in opposition to Defendant's motion for summary judgment.[3] Plaintiff instead submitted as exhibits: (1) the declaration of his former VA primary care provider, Dr. Eric N. Swagel, who treated Plaintiff from July 15, 2003 through November 4, 2008; (2) medical records that include treatment notes from VA and private providers, a listing of orthopedic appointments between March 4, 2013 and March 27, 2013, and X-ray images; (3) Plaintiff's own interpretation of the medical evidence; and (4) an article from the *Archives of Bone and Joint Surgery* entitled "Systematic Analysis of Painful Total Knee Prosthesis, a Diagnostic Algorithm." (*See* Dkt. No. 63, Exs. A-F at 5-94.) Plaintiff's evidence is insufficient to defeat summary judgment for several reasons.

First, the declaration of Dr. Swagel does not address the applicable standard of care, any

---

[3] Plaintiff's opposition indicates that he attempted to obtain an expert medical opinion but could not do so. (*See* Dkt. No. 62 at ¶¶ 16-23.)

4

resulting breach, or causation of injury. (*See* Dkt. No. 63, Ex. A at ¶¶ 1-8.) Indeed, Plaintiff's opposition acknowledges that Dr. Swagel declined to provide an expert opinion. (*See* Dkt. No. 62 at ¶ 23.) While the declaration supports a finding of injury—indeed a severe injury—Plaintiff needs to do more than establish that he was injured to prevail on his medical malpractice claim. Second, the contemporaneous treatment notes are just that—they do not address the applicable standard of care, its breach, or causation of injury. *See Lawless v. Calaway*, 24 Cal. 2d 81, 89 (1944) ("[M]ere proof that the treatment was unsuccessful is not sufficient to establish negligence."). Third, it is undisputed that Plaintiff is a layperson, not a medical professional. His opinion of the medical evidence therefore does not constitute an expert opinion. Finally, statements contained in learned treatises such as the *Archives of Bone and Joint Surgery* article constitute hearsay unless: "(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(18). Thus, the article on its own does not constitute medical expert testimony, and Plaintiff provides no expert testimony in conjunction with the article as required.

Plaintiff's opposition cites several cases, including out-of-circuit authority, in support of his assertion that Defendant's "failure to read or correctly interpret [his] x-rays is a failure to meet the standard of care for medical providers, giving rise to liability for medical negligence." (*See* Dkt. No. 62 at ¶ 14.) Those cases are unavailing, however, because each involved expert medical opinion testimony proffered by the plaintiff. *See, e.g., James v. United States*, 483 F. Supp. 581, 586 (N.D. Cal. 1980) ("Both of plaintiffs' expert witnesses were of the opinion . . ."); *Flowers v. Southampton Hosp.*, 627 N.Y.S.2d 81, 82 (N.Y. App. Div. 1995) ("To the extent that the expert medical testimony conflicted or was in dispute . . ."); *Farrell v. Lavine*, 236 N.Y.S.2d 323 (N.Y. Sup. Ct. 1962) ("Plaintiff's orthopedic surgeon testified that in his opinion such a cast was not the method to be used and that he disagreed with the medical authorities put forth by the defendant."); *Heins v. Synkonis*, 227 N.W.2d 247, 248 (Mich. Ct. App. 1975) (noting that "expert testimony is required to show that a doctor has violated the standard of care required unless the injury is of

such a character that laymen could find negligence," and finding the testimony of the physician defendant "himself, testifying during plaintiffs proofs, set forth a standard of care necessary in this cause.").

Simply put, Plaintiff's evidence does not mitigate the lack of a medical expert opinion. California case law is clear that an expert opinion is required to determine the applicable standard of care and any resulting breach in professional negligence cases. *See, e.g.*, *Powell*, 151 Cal. App. 4th at 123; *Hanson*, 76 Cal. App. 4th at 606-07. In the absence of a medical expert opinion, Plaintiff's claim must fail. *See Hernandez v. City of Oakley*, No. 11-cv-02415-JCS, 2012 WL 5411781, at *22 (N.D. Cal. Nov. 6, 2012) (finding summary judgment appropriate where plaintiff failed to offer expert testimony on the applicable standard of care).

### B. "Common Knowledge" Exception to Requirement for Expert Testimony and Res Ipsa Loquitur Are Inapplicable

California law recognizes an exception to the requirement for medical expert testimony where "the conduct required by the particular circumstances is within the common knowledge of the layman." *Elcome v. Chin*, 110 Cal. App. 4th 310, 317 (Cal. Ct. App. 2003) (internal quotation marks and citation omitted); *see also Ewing v. Northridge Hosp. Med. Ctr.*, 120 Cal. App. 4th 1289, 1302 (Cal. Ct. App. 2004) (noting that expert testimony is not required "[i]n cases where a layperson is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised"). Thus, the common knowledge exception "applies in cases in which no scientific enlightenment is necessary." *Ewing*, 120 Cal. App. 4th at 1303. The "exception is, however, a limited one." *Scott*, 185 Cal. App. 4th at 1542. The *Ewing* court noted the following examples:

> [C]ases in which a foreign object is left in a patient's body following surgery, an injury occurs to a body part not slated for medical treatment, or the amputation of the wrong limb. Similarly, expertise may not be necessary in medical negligence cases where the issue is whether the medical professional failed to obtain informed consent.

*Ewing*, 120 Cal. App. 4th at 1302-03 (internal citations omitted). Here, there is no similarly "freakish and improbable" injury, *see Curtis v. Santa Clara Valley Med. Ctr.*, 110 Cal. App. 4th 796, 801 (Cal. Ct. App. 2003) (internal quotation marks and citation omitted), or allegations of

6

lack of informed consent.  Plaintiff's claim is instead based on a type injury that is more closely related to injuries courts have expressly found are *not* within the realm of common knowledge. *See Contreras v. St. Luke's Hosp.*, 78 Cal. App. 3d 919, 928 (Cal. Ct. App. 1978) ("There is no expert testimony to the effect that the presence of pain and fever after plaintiff's knee operation pointed to the existence of a knee infection or to negligence by defendants, and these matters are obviously not within the common knowledge of laymen."); *Lamb v. Moore*, 178 Cal. App. 2d 819, 825 (Cal. Ct. App. 1960) (finding common knowledge exception improper in cases requiring interpretation of X-rays).

Further, "[t]he common knowledge exception is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur." *Elcome*, 110 Cal. App. 4th at 317.  The doctrine of res ipsa loquitur is inapplicable here for the same reason the common knowledge exception does not apply.  To invoke res ipsa loquitur, "the plaintiff must present some substantial evidence of three conditions: (1) the injury must be the kind which ordinarily does not occur in the absence of someone's negligence; (2) the injury was caused by an instrumentality in the exclusive control of the defendant; and (3) the injury was not due to any voluntary action or contribution on the part of the plaintiff." *Id.* at 316-17.

Here, construing the record in Plaintiff's favor, the evidence fails to give rise to a genuine dispute of material fact as to whether the injury—failure to properly diagnose and treat Plaintiff's knee condition over a period of eight years—is one "which ordinarily does not occur in the absence of someone's negligence." *See id.*; *see also Curtis*, 110 Cal. App. 4th at 801 (noting that "leaving scissors in a patient's abdomen after surgery is an occurrence that is ordinarily the result of someone's negligence.").  Plaintiff's claimed injury is instead akin to those that courts have expressly found did *not* evidence res ipsa loquitur.  *See Elcome*, 110 Cal. App. 4th at 318 (rejecting res ipsa loquitur argument on summary judgment and finding that "[t]here can be numerous etiologies for plaintiff's neck and upper extremity injuries which are totally unrelated to the surgery [at issue] and which do not suggest the probability that one of the defendants or anyone else was negligent."); *Bolen v. Woo*, 96 Cal. App. 3d 944, 955 (Cal. Ct. App. 1979) (affirming trial court's refusal to instruct jury on res ipsa loquitur because "the treatment of an

infected foot is not within the common knowledge of most lay persons.").

Because the common knowledge exception and res ipsa loquitur are inapplicable to the facts of this case, an expert medical opinion is required. *See Scott*, 185 Cal. App. 4th at 1542; *see also Powell*, 151 Cal. App. 4th at 123; *Hanson*, 76 Cal. App. 4th at 606-07.

### C. Plaintiff's Due Process Arguments Have No Bearing on the Elements of His Medical Malpractice Claim

Plaintiff's broader arguments regarding due process concerns with the VA medical system and disability claims procedures in general have no bearing on the Court's analysis of his medical malpractice claim. Although the Court is sympathetic to Plaintiff's condition and acknowledges his resoluteness in prosecuting this case, at trial Plaintiff would have the burden of proving the four essential elements of his medical malpractice claim. Defendant has shown that Plaintiff cannot do so.

## EVIDENTIARY OBJECTIONS

Defendant objects on various grounds to certain assertions in Plaintiff's declaration and attached exhibits. (*See* Dkt. No. 64 at 10-11.) Defendant's objections are moot, however, because there is no dispute that Plaintiff failed to proffer an expert medical opinion and that issue is dispositive to the instant motion.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment.

This Order disposes of Docket No. 57.

**IT IS SO ORDERED.**

Dated: February 11, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

8